Donna L. **PARKER**, Petitioner,

v.

**DEPARTMENT OF THE NAVY**, Respondent.

No. 03–3178.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 9, 2004.

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Donna L. Parker ("Parker") seeks review of a final decision of the Merit Systems Protection Board ("Board"), affirming a decision by the Department of the Navy ("Navy" or "agency") removing her from her employment position for failure to meet a condition of employment, i.e., Parker's ineligibility for the required security clearance. *See Parker v. Dep't of the Navy*, No. DC–0752–02–0160–I–2 (M.S.P.B. Dec. 10, 2002) (initial decision) (*"Parker"*). Because the underlying revocation of Parker's security clearance is not reviewable by the Board or this court, and because the Board's decision was supported by substantial evidence and was not arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with the law, we *affirm*.

## BACKGROUND

Parker was employed as a Pipe Fitter, WG–4204–10, at the Norfolk Naval Shipyard. Because this position required Parker to work in restricted areas of the shipyard, a security clearance was required.

On August 17, 1999, Parker met with a Security Services Supervisor to discuss derogatory information that may affect her security clearance. She was then given a form entitled "Employee Response to Suspension of Access," which described the reason for her suspension to access of restricted areas as credible information concerning employee making threats to shipyard personnel. On August 19, 1999, Parker's security clearance was temporarily suspended. *Parker* at 2.

On September 24, 1999, the Navy issued a notice of proposed indefinite suspension, based on the suspension of Parker's security clearance. Parker did not respond to this notice, and on November 1, the agency notified Parker of its decision to suspend her indefinitely, pending a final decision on her security clearance. She was informed of her right to appeal to the Board. *Id.*

On November 16, 2000, the Navy issued Parker a notice of Intent to Revoke Security Clearance, followed by a notice on January 11, 2001, notifying Parker of the Final Revocation of Security Clearance. Parker appealed the revocation to the Personal Security Appeals Board, which issued a notice of Final Decision, affirming the revocation on May 23, 2001. *Id.* at 2–3.

On July 20, 2001, the Navy issued a notice of proposed removal, based on Parker's "failure to meet a condition of employment at Norfolk Naval Shipyard; i.e., ineligibility to occupy a sensitive position with the Department of the Navy." *Id.* at

3. Parker was notified of her right to reply, and a personal reply meeting was held between the agency and Parker and her attorney on October 11, 2001. The Navy issued a final decision on October 30, 2001, removing Parker effective November 9, 2001. *Id.*

Parker appealed to the Board, which issued an initial decision on December 10, 2002, affirming the Navy's removal decision. The Board's decision concluded that Parker's position required a security clearance; that Parker was afforded meaningful due process in the removal; and that Navy's decision to remove Parker was reasonable because she failed to meet a condition of employment, namely eligibility to occupy a sensitive position. *Id.* at 4–6. The initial decision of the Board became final on January 14, 2003. Parker timely appeals to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703.

## DISCUSSION

We must affirm a decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

Parker's arguments on appeal are centered around her contention that she was not adequately advised of the charges against her, and thus, she was denied a meaningful opportunity to respond to the charges. Specifically, Parker complains that she was not told who provided the "credible information" that Parker made threats against shipyard personnel, to whom the threats were made, and what was threatened.

As Parker concedes, neither the Board nor this court can review the merits underlying a decision to revoke a security clearance. *Dep't of Navy v. Egan*, 484 U.S. 518, 528–530, 108 S.Ct. 818, 98 L.Ed.2d 918 (1998). Such challenges are properly made before the Personal Security Appeals Board, which in Parker's case, upheld the denial of her security clearance. Moreover, because a person has no property interest in a security clearance, due process does not apply to the procedures relating to eligibility therefor. *Id.* Instead, review is limited to determining "whether a security clearance was denied, whether the security clearance was a requirement of [her] position, and whether the procedures set forth in [5 U.S.C. § 7513] were followed." *Hesse v. Dep't of State*, 217 F.3d 1372, 1376 (Fed.Cir.2000).

It is undisputed that Parker's security clearance was revoked, and it is further undisputed that the security clearance was a condition of her employment. Thus, the only question presented is whether the procedures of § 7513 were met. Section 7513 entitles an employee to: (1) thirty days written notice stating the specific reason for the proposed action; (2) a reasonable time to respond; (3) representation; and (4) a written decision. 5 U.S.C. § 7513 (2000). The Board found that "the agency afforded [Parker] her adverse action procedural rights under [5 U.S.C. § 7513] by providing her prior written notice of the reason for the action, an opportunity to reply orally and in writing, a written decision, and notice of appeal rights." *Parker* at 6. It is undisputed that Parker obtained representation and responded to the notice of removal at a personal reply meeting attended by the agency, Parker, and her attorney.

Parker's argument that she was inadequately advised of the detailed bases of the government's denial of her security clear-

ance go not to the notice requirements of section 7513 but to the merits of the security clearance determination, which are not reviewable. *See Egan,* 484 U.S. at 528–530. The Board found that Parker's removal was based on her ineligibility to occupy a sensitive position with the Department of Navy. *Id.* at 6. The Board also found that Parker was notified of that reason by the notice proposing Parker's removal which included the charge of "failure to meet a condition of employment at Norfolk Naval Shipyard; i.e., ineligibility to occupy a sensitive position with the Department of the Navy." *Id.* at 3.

This case is distinguishable from *King v. Alston,* 75 F.3d 657 (Fed.Cir.1996). In *King,* the adverse action at issue was the placement of employee Alston on enforced leave pending completion of an investigation and adjudication as to whether his security clearance should be revoked. *Id.* at 659; *see also id.* at 659 n. 1 ("The only procedures at issue are those followed in placing Alston on enforced leave *prior* to the security clearance determination." (emphasis added)). Because the reason for the revocation of the security clearance was still under investigation and could be addressed by Alston, this court determined that "section 7513(b) entitles an employee to notice of the reasons for the suspension of his access to classified information when that is the reason for placing the employee on enforced leave pending a decision on the employee's security clearance." *Id.* at 661. In this case, however, the decision on Parker's security clearance eligibility was finally determined and nothing was left to be addressed.

We have carefully considered Parker's arguments and conclude that she has not demonstrated that the Board's decision was unsupported by substantial evidence. Additionally, Parker has not persuaded us that we have any other basis to disturb the factual findings of the Board. Finally, Parker does not argue, nor do we find, that the Board's decision was arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law. The decision of the Board is *affirmed.*